UNITED STATES of America

v.

BCCI HOLDINGS (LUXEMBOURG), S.A., Bank of Credit and Commerce International, S.A., Bank of Credit and Commerce International (Overseas) Limited, and International Credit and Investment Company (Overseas) Limited, Defendants.

Crim. Action No. 91–0655(JHG).

United States District Court, District of Columbia.

Feb. 27, 1996.

Richard C. Eline, Aiea, HI, pro se.

Bea Louise Witzleben, U.S. Department of Justice, Commercial Litigation Branch, Washington, DC, Anthony L. Leffert, Sharon M. Murphy, U.S. Department of Justice Civil Division, Washington, DC, G. Allen Carver, Jr., U.S. Department of Justice Criminal Division, Washington, DC, Stefan D. Cassella, U.S. Department of Justice Criminal Division, Asset Forfeiture Sec., Washington, DC, Kevin Gerard Matthews, U.S. Department of Justice, Fraud Section, Criminal Division, Washington, DC, Gerald Mann Stern, U.S. Department of Justice Special Counsel, Financial Inst. Fraud, Washington, DC, for U.S.

## PETITION OF RICHARD C. ELINE
## ORDER GRANTING MOTION TO DISMISS

JOYCE HENS GREEN, District Judge.

Presently pending is the United States' Motion to Dismiss ("Motion to Dismiss") Richard C. Eline's Petition to be Heard in 3rd Party Claims of Property Seized by the United States of America under 18 U.S.C. § 1963($l$) ("L–Claim"). The sole ground of the Motion to Dismiss is the petitioner's failure to comply with the provisions of 18 U.S.C. § 1963($l$)(3).

For the reasons expressed below, the Motion to Dismiss will be granted.

### BACKGROUND

On January 24, 1992, this Court following findings of fact and conclusions of law with supporting reasons made in open court, accepted the pleas of guilty of the four corporate defendants (collectively "BCCI") and the

plea agreement between them and the United States of America. Thereupon, and in accordance with 18 U.S.C. § 1963, an Order of Forfeiture was entered.

Paragraph 1(e) of the Order provides that the corporate defendants named in this action shall forfeit to the United States ownership interests in all property located in the United States, including, without limitation, real property and all tangible and intangible personal property, however held, whether subsequently identified, determined or discovered in the course of the ongoing liquidation proceedings described therein or otherwise identified, determined, or discovered in any manner at any time, but not property that may be brought into the United States by or on behalf of Court–Appointed Fiduciaries of BCCI in the course of the management or disbursement of the liquidation estates as described in the plea agreement.

Attached to the First Order of Forfeiture was a listing of BCCI accounts, with corresponding numbers, names, and approximate balances, which the United States Marshals Service was directed to seize forthwith. Because the government was unable to verify certain information concerning additional forfeitable accounts at the time the Order of Forfeiture was entered, the Court issued a First Supplemental Order on January 31, 1992, which directed immediate seizure of the specific assets listed therein. The Court has since amended the Order of Forfeiture to include additional assets, including property set forth in the Second and Third Supplemental Lists of Forfeited Property. *See* Order of Forfeiture of July 29, 1992 (Second Order of Forfeiture); *Order of Forfeiture of August 19, 1993* (Third Order of Forfeiture).

The Third Order of Forfeiture is relevant to the petitioner's L–Claim presently before the Court. Attached to the Third Order of Forfeiture, was a Third Supplemental List of Forfeited Property aggregating $101,302,-465.54. Included among the accounts seized was an account of Oppenheimer & Co. in New York, "account number 033–35263 (U.S. Treasury Notes) and 033–35263," which was held in the name of North American Investment and Finance, Ltd. ("NAIF"), totaling $6,122,965.17.

In compliance with 18 U.S.C. § 1963(*l*)(1) and to inform third parties of their potential rights to. seek recovery of assets declared forfeited in the Third Order of Forfeiture, the United States published notice of the Order of Forfeiture, as amended, during the period between September 3, 1993, and September 27, 1993 in eleven major newspapers including the *Wall Street Journal,* the *New York Times,* the *Chicago Tribune,* the *Los Angeles Daily Journal,* the *Washington Post,* and the *International Herald Tribune. See* United States' Notice to the Court of the government's compliance with Order of August 19, 1993, filed September 21, 1993. In addition, personal notice was sent to over 523 persons and entities. *Id.*

On September 23, 1993, the petitioner filed a handwritten Petition for Hearing, which requested that "all accounts listed in this petition be awarded to petitioner or designated representative." The petition identified Account # 033–35263 (U.S. Treasury notes) and Account # 033–35263 of Oppenheimer & Co. of New York and stated the following as the reasons that the petition should be granted:

> At this time, Petitioner wishes to present reasons that the Court should grant the property (sic) in question, I also know that the court has attempted to forfeit and seize at will, most of the money from BCCI, Inc. to allegedly help pay for a non-existent deficit by careless and "new" types of administrations.
>
> I am not saying that if illegal activity had taken place, there is no reason for the government to seize this, But in this case, the U.S. government began seizing property, after Bankruptcy proceedings had already been filed, indicating that some U.S. government abuse had to be remedied, and the total seizure of BCCI Holdings Inc. began.

Petition for Hearing, *supra,* at 3–4.

As legal argument, without offering any facts or otherwise identifying the nature of his allegations, the petitioner alleges, among other things, breach of contract. *Id.* at 4–5.

The government contends that the petitioner's L–Claim should be dismissed, be-

cause it failed to comport with the requirements of 18 U.S.C. § 1963($l$)(3). Specifically, the petitioner failed to identify the nature of his legal interest or the time and circumstances of how he acquired his interest. Motion to Dismiss, *supra*, at 2–3. Additionally, the government argues that Eline offered no facts from which an interest could be identified and he failed to sign under the petition under the penalty of perjury. *Id.*

In his opposing brief entitled Motion to Object and filed on November 19, 1993, the petitioner argues that his L–Claim should be granted because NAIF named him as sole beneficiary in the event of bankruptcy. His Motion to Object was signed under the penalty of perjury, but, once more, he failed to provide any evidence to support his statements.

This Court held a hearing on January 20, 1995, to consider oral argument regarding Third Round petitions. While the petitioner did not appear at the hearing, on January 3, 1995, he filed a handwritten brief entitled Answer to Order. In this filing, Eline argued that his petition for the $6,122,965.17 should be granted for three reasons: (1) his offer of settlement in the amount of twenty percent was rejected by the government; (2) since the government would get the money and has already received "a fair, quite fair penalty for the actions or misdeeds of BCCI.... it would be in the interests of all involved that this Court order the U.S. Marshals Office [to] reimburse all parties;" and (3) to avoid future litigation.

### Discussion

Title 18, United States Code, § 1963 sets forth an orderly procedure by which third parties seeking to recover interests in forfeited property may obtain judicial resolution of their claims. The provision granting standing to parties seeking to amend an order of forfeiture to exclude certain property states:

> Any person other than the defendant, asserting a legal interest in property which

has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

18 U.S.C. § 1963($l$)(2).

Subsection ($l$)(3) provides:

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

18 U.S.C. § 1963($l$)(3).

 Section 1963($l$)(6) sets forth the substantive elements that a third party must establish to obtain amendment of an order of forfeiture. This section provides:

> If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that—
>
> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.[1]

---

1. Title 18 U.S.C. § 1963($l$)(6) contains exactly the same language as 21 U.S.C. § 853(n)(6), the statute providing for forfeiture in criminal narcotics cases, and it appears that no court has interpreted these two provisions differently. Because the two subsections are identical and because of the relative dearth of case law interpreting and applying § 1963($l$), the Court's opinion

Only by establishing standing and satisfying the requisite elements of either Subsections 1963($l$)(6)(A) or 1963($l$)(6)(B) may a party obtain judicial relief from an order of forfeiture. *See United States v. BCCI Holdings (Luxembourg), S.A., et al.,* 46 F.3d 1185, 1188 (D.C.Cir.), *cert. denied sub nom. Chawla v. United States,* — U.S. —, 115 S.Ct. 2613, 132 L.Ed.2d 856 (1995); *United States v. Schwimmer,* 968 F.2d 1570, 1584 (2d Cir.1992); *United States v. Lavin,* 942 F.2d 177, 187 (3d Cir.1991).

■ If a third party fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing. *See United States v. Campos,* 859 F.2d 1233, 1240 (6th Cir.1988); *United States v. Mageean,* 649 F.Supp. 820, 825 (D.Nev.1986), *aff'd without opinion,* 822 F.2d 62 (9th Cir.1987); S.Rep. No. 225, 98th Cong., 1st Sess. 191, 208 n. 46 (Sept. 12, 1983).

■ In this case, the petition does not comport with the pleading requirements of Subsection ($l$)(3). The petitioner has failed to set forth adequately the nature and extent of his right, title and interest to the property. Alleging only that he is the sole beneficiary to the sum of over $6,000,000, he has offered no facts or evidence to support his assertion. Since he has failed to comply with the pleading requirements of Subsection ($l$)(3), he has by definition also failed to establish by a preponderance of evidence a superior interest in the accounts or that he was a bona fide purchaser for value under Subsection ($l$)(6).

The government's Motion to Dismiss will be granted.

## CONCLUSION

For the reasons stated above, it is hereby

ORDERED that the government's Motion to Dismiss is granted.

IT IS SO ORDERED.

relies on the reasoning contained in Section 853(n) cases as well as that in Section 1963($l$)