UNITED STATES of America,

v.

BCCI HOLDINGS (LUXEMBOURG), S.A., Bank of Credit and Commerce International, .S.A., Bank of Credit and Commerce International (Overseas) Limited, and International Credit and Investment Company (Overseas) Limited, Defendants.

Crim. Action No. 91–0655 (JHG).

United States District Court, District of Columbia.

Aug. 26, 1997.

———

U.S. Dept. of Justice, Asset Forfeiture Office, Stefan D. Cassella, Washington, DC, for the Government.

Larry Klayman, Klayman & Associates, PC, Washington, DC, for Claimant.

## ORDER

GREEN, District Judge.

Upon consideration of the government's Motion to Dismiss the Fifth Round Petition of Liquidation Comm'n for BCCI (Overseas) Limited, Macau ("BCCI(O) Macau"), and the record in this matter, the motion will be granted.

In its entirety, BCCI(O) Macau's petition provides:

Petitioner, Liquidation Commission for BCCI (Overseas) Limited, Macau, pursuant to 18 U.S.C. § 1963(*l* ), hereby files a claim to certain property forfeited to the United States of America in the above-captioned case.

Petitioner has not yet been able to determine in which forfeited properties it has interests. As soon as petitioner is able to make this determination it will supplement this claim.

L–Claim at 1 (filed Dec. 18, 1996).

To date, the petitioner has neither supplemented its petition nor requested leave of the Court to do so. The petitioner has not opposed or otherwise responded to the government's motion to dismiss, which was filed on February 13, 1997, and opposition to which was due on April 1, 1997. *See* Fifth Round Scheduling Order of Feb. 4, 1997, at 2. Finally, BCCI(O) Macau did not request oral argument on the government's motion to dismiss. *See id.* (requiring such request by May 1, 1997).

Because the petition fails to comply with the pleading requirements of the statute, 18 U.S.C. § 1963(*l* )(3), it will be dismissed. Although BCCI(O) Macau is presently represented by counsel who represented BCCI(O) Macau in a previous L–Claim proceeding before this Court, *see United States v. BCCI Holdings (Luxembourg), S.A.*, 833 F.Supp. 22 (D.D.C.1993), *aff'd*, 48 F.3d 551 (D.C.Cir.), *cert. denied sub nom. Liquidation Comm'n for BCCI (Overseas) Limited, Macau v. United States*, —— U.S. ——, 116 S.Ct. 563, 133 L.Ed.2d 489 (1995), and who is presumably familiar with the statutory requirements, BCCI(O) Macau's Fifth Round petition is neither "signed by the petitioner under penalty of perjury" nor does

it set forth "the nature and extent of the petitioner's right, title and interest in the property, and any additional facts supporting the petitioner's claim." 18 U.S.C. § 1963(*l*)(3).

This Court has, in the past, dismissed petitions that fail to comply with the statutory pleading requirements, *see, e.g., United States v. BCCI Holdings (Luxembourg) (In re Petition of Richard C. Eline*), 916 F.Supp. 1286 (D.D.C.1996), *aff'd*, 116 F.3d 942 (D.C.Cir.1997), and the record makes clear that it is appropriate to do so here.

Accordingly, the government's motion will be, and hereby is, **GRANTED.** BCCI(O) Macau's L–Claim is **DISMISSED.** Judgment will be entered separately in accordance with Fed.R.Civ.P. 58.

IT IS SO ORDERED.