Elisa WARD–CONDE', Plaintiff,

v.

Hanno SMITH, and Maryland National Capital Park and Planning Commission, Defendants.

No. 4:98CV00052.

United States District Court, E.D. Virginia, Newport Division.

Sept. 16, 1998.

---

Kenneth Leon Roberts, Law Offices of Kenneth L. Roberts, Newport News, VA, for plaintiff.

Richard Joshua Cromwell, McGuire, Woods, Battle & Boothe, Norfolk, VA, for defendant.

### ORDER

BRADBERRY, United States Magistrate Judge.

This matter is before the Court on several motions, all of which will be dealt with in the chronological order in which they were filed.

The action arises out of an automobile accident which caused injury to plaintiff. The pleadings reveal that plaintiff has incurred substantial medical expenses and seeks to recover in excess of Fourteen Thousand Dollars ($14,000.00) in medicals.

Plaintiff has filed a motion *in limine* seeking to preclude defendants from allowing any experts to testify on behalf of either defendant based upon the nonidentification of experts on or before the discovery cut-off date of August 13, 1998, set forth in the Order on Initial Pretrial Conference entered April 22, 1998. Defendants respond that they "have not retained or specially employed an expert witness to provide expert testimony in this case." Instead, they merely reserve the right to call any of plaintiff's treating physicians as witnesses with regard to matters set forth in the medical records pertaining to plaintiff. Accordingly, the motion is MOOT.

Defendants have filed a motion to compel plaintiff to fully and completely answer defendants' first supplemental interrogatory to plaintiff which seeks information as to whether any public or private insurer has paid any portion of the medical expenses, the amount thereof, and whether any amount has been written off by the health care provider to which payments have been made. The motion to compel is directly related to defendants' motion *in limine* filed contemporaneously herein which seeks to limit evidence of plaintiff's medical claims to those amounts for which she is responsible, whether paid by insurance or not, and to exclude any medical expenses above payment amounts specifically negotiated by a health care provider with plaintiff's insured or written off by the health care provider.

For the reasons which follow, defendants' motion to compel plaintiff to fully and completely answer defendants' first supplemental interrogatory and defendants' motion *in limine*, limiting the amount of medical expenses which may be submitted in evidence by plaintiff, are GRANTED.

The issue of what medical expenses may be introduced in evidence has previously

been addressed by this Court. *See Futrell v. Food Lion*, No. 4:97CV129 (E.D.Va. May 7, 1998). Because the case is before the Court on the basis of diversity of citizenship and governed by the doctrine of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this Court is required to apply state substantive law and federal procedural law. *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996). Because the accident occurred in Virginia, Virginia substantive law applies to plaintiff's case.

As in *Futrell*, this case arises in the context of representations by defendants that certain medical expenses for which plaintiff seeks compensation have been "written off" by her health care providers incident to the health care agreements which provide her with medical care. Defendants argue that since plaintiff has no liability for significant portions of the ostensible medical costs that the amount for which she is entitled to claim compensation should be correspondingly reduced.

Plaintiff vigorously opposes the motion. In an excellent brief, thoroughly attacking the various problems created by what plaintiff contends is a departure from the Virginia "collateral source" rule, plaintiff contends that she is entitled to fully submit all of the medical expenses represented in bills provided to her, utterly without regard to whether any portion of the bill has been the subject of a negotiated fee agreement between the health care provider and her health insurance company, or whether any particular expense has been written off by her health care providers.

The Court is sensitive to the problems that are posed by defendants' motion. The Court recognizes that it may be necessary in certain cases for a plaintiff to subpoena an employee of a health care provider, or an employee of an insured, and conduct a hearing out of the presence of a jury to determine what the actual obligations of a plaintiff may be with regard to medical expenses incurred. The Court is also aware of the fact that plaintiffs with no insurance may end up being able to present to a jury evidence of medical care that is more expensive than the same identical care rendered to an insured plaintiff. However, all of the problems that plaintiff posits in her brief are beyond the scope of this Court's ability to resolve. If anything, a legislative resolution may be necessary should the Commonwealth of Virginia decide that the merits of the collateral source doctrine, which governs recovery in tort cases, is worthy of maintaining.

■ Under the collateral source doctrine, a plaintiff in a tort action is entitled to recover the value of his or her medical expenses, even though those expenses may have been paid by a third-party health care provider. The theory of the recovery is admirable: A tortfeasor should not be able to avoid responsibility for his or her negligent acts and benefit from the foresight of a plaintiff who obtains insurance as a measure of protection against such acts. An insured injured party may, therefore, experience a "double" recovery. The question then arises as to whether plaintiff obtains a windfall if plaintiff is permitted to tell a jury that medical expenses are more than the amount for which plaintiff is legally obligated, the situation which defendants posit in this case.

Addressing the matter in *McAmis v. Wallace*, 980 F.Supp. 181 (W.D.Va.1997), Judge Williams stated:

> Plaintiff's arguments rely on Virginia's collateral source rule, which Defendant asserts, does not apply to the situation at hand. Defendant correctly argues that Plaintiff did not incur the Medicaid discount as an expense and that Virginia law does not include in compensatory damages amounts for which no one is liable. "Under [the collateral source rule], compensation or indemnity received by a tort victim from a source collateral to the tortfeasor may not be applied as a credit against the quantum of damages the tortfeasor owes." *Schickling v. Aspinall*, 235 Va. 472, 369 S.E.2d 172, 174 (1988). "The collateral source rule is designed to strike a balance between two competing principles of tort law: (1) a plaintiff is entitled to compensation sufficient to make him whole, but no more; and (2) a defendant is liable for all

damages that proximately result from his wrong." *Id.* at 174.

*Id.* at 185–86.

Judge Williams went on to rule against the plaintiff and in favor of the defendant, stating:

> For the collateral source rule to be in effect under Virginia law, the injured party must be responsible for making payment, even if a collateral source actually pays. The present case is not a situation where Plaintiff avoided personally paying a bill because a collateral source .stepped in. Here, no one paid the written off amount and as a result, under Virginia law, Plaintiff has not incurred this fee. While it is true that Plaintiff would have been liable for these fees if she had not qualified for Medicaid, this distant liability is not enough to trigger the collateral source rule because Plaintiff has neither paid these write-offs nor become legally obligated to pay them.... Since no one incurred the fees at issue, the collateral source rule does not require that Plaintiff be permitted to recover the write off.

*Id.* (citations omitted).

Judge Williams correctly anticipated the position of the Virginia Supreme Court as reflected in *State Farm Mutual Automobile Insurance Co. v. Bowers,* 255 Va. 581, 500 S.E.2d 212 (1998). In a comparable case, addressing the collateral source rule as it applied to Bowers, Justice Kinser said:

> The evidence in the instant case was that Bowers would never be liable for any amount greater than that which the various health care providers accepted as full payment for their services based on the Blue Cross fee schedule. Stated differently, the health care providers' agreements with Blue Cross prevented them from collecting more than the scheduled fee and any required co-payment. Therefore, we conclude that the medical expenses Bowers "incurred" were the amounts that the health care providers accepted as full payment for their services rendered to him. Bowers has not paid nor is he "legally obligated to pay" the amounts written off by the providers. To decide otherwise would be to grant Bowers a windfall be-

cause he would be receiving an amount greater than that which he would ever be legally obligated to pay.

*Bowers,* 255 Va. at 585, 500 S.E.2d 212 (citations omitted).

Plaintiff argues that *Bowers* is a contract case, not a tort case, and the principal articulated by Judge Kinser in the *Bowers* opinion has no applicability. This Court disagrees.

Judge Kinser had to address the issue of when a medical expense is "incurred" under Virginia law. Like Judge Williams, she found that the amounts that *Bowers* "incurred" were the "amounts that the health care providers accepted as full payment for their services rendered to him." That is precisely the issue raised in this case. It is not a question of coverage, and it is not a question of the amount of medicals; it is the amount of the medical expenses for which plaintiff is actually responsible that plaintiff is entitled to seek recovery.

Contrary to the position taken by plaintiff's counsel, his client suffers no adverse consequences by the enforcement of the rule limiting the medical claims to those for which plaintiff is obligated because plaintiff is still permitted to recover one hundred percent of all expenses which must be paid. The operative words are "must be paid," whether those are paid in a negotiated fee agreement between a health care provider and an insurance company or through plaintiff's co-payment obligation. The collateral source rule is fully honored by the court's decision in that a defendant is denied the windfall of an insured plaintiff, protected against catastrophic loss, and defendants are protected against plaintiff's windfall by permitting plaintiff only to present to the jury those expenses for which she is legally obligated, or, as stated in *Bowers,* which have been "incurred."