Williamson v. Odyssey House, Inc.    CV-99-561-JD   11/03/00
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Marsha Williamson,</u>
<u>Guardian of Carmen Griffin</u>

      v.                                    Civil No. 99-561-JD
                                            Opinion No. 2000 DNH 238
<u>Odyssey House, Inc.</u>


                        O R D E R


     The defendant, Odyssey House, Inc., seeks to exclude
evidence of the billed cost of medical services provided to
Carmen Griffin and to limit the evidence of damages for medical
expenses to the amounts actually paid by Medicaid.[1]  The issue
raised by the defendant's motion is whether the measure of a
plaintiff's damages based on medical services is limited to the
amount actually paid for medical services or whether the
plaintiff is entitled to recover the reasonable value of such
services.[2]  The plaintiff objects to the defendant's motion,
arguing that the amounts billed by Carmen Griffin's medical care

_____

     [1]The defendant represents that under the circumstances of
this case, Carmen Griffin's health care providers must accept
Medicaid payments as payment in full for the services rendered,
without application of any deductible, coinsurance, or copayment
requirements.  <u>See</u> 42 C.F.R. § 447.15.

     [2]The defendant is not contesting the plaintiff's right to
claim the amount of medical expenses paid by Medicaid.

providers represent the proper measure of her damages for those services.

Neither the New Hampshire Supreme Court nor this court has addressed the issue raised by the defendant. Under New Hampshire's collateral source rule, "if a plaintiff is compensated in whole or part for his damages by some source independent of the tort-feasor, he is still permitted to make full recovery against [the tort-feasor]." Moulton v. Groveton Papers Co., 114 N.H. 505, 509 (1974); accord Cyr v. J. I. Case Co., 139 N.H. 193, 195 (1994). The purpose of the collateral source rule is to prevent a windfall to the defendant tortfeasor, who would otherwise profit from benefits provided by a third party to the injured party. See Carson v. Maurer, 120 N.H. 925, 940 (1980); see also Moulton v. Rival Co., 116 F.3d 22, 27 (1st Cir. 1997) (applying Maine's similar collateral source rule); Clausen v. Sea-3, Inc., 21 F.3d 1181, 1193-94 (1st Cir. 1994)(applying New Hampshire's collateral source rule).

In addition, New Hampshire juries are instructed that in determining the amount of damages to award they may consider "the reasonable value of past and future medical care." Johnston v. Lynch, 133 N.H. 79, 92 (1990) (emphasis added); see also, Bennett v. Lembo, 2000 WL 1473378 at * 1 (N.H. Oct. 5, 2000). Therefore, under New Hampshire law, a plaintiff's recovery is not limited to

2

the actual amount that has been paid or will be paid for medical services, but is instead measured by the reasonable value of such services.[3]

The defendant relies on decisions from other jurisdictions which hold that a plaintiff's damages are limited to the amount of medical expense actually paid and that amounts that are "written off" should be excluded. See, e.g., Mitchell v. Hayes, 72 F. Supp. 2d 635, 637 (W.D. Va. 1999); Ward-Conde' v. Smith, 19 F. Supp. 2d 539, 541-42 (E.D. Va. 1998); McAmis v. Wallace, 980 F. Supp. 181, 186 (W.D. Va. 1997); Terrell v. Nanda, 759 So.2d 1026, 1031 (La. Ct. App. 2000); Hanif v. Housing Auth., 200 Cal. App. 3d. 635, 643 (1988). As the plaintiff points out, Acuar v. Letourneau, 531 S.E.2d 316, 322-23 (Va. 2000), in which the Virginia Supreme Court held that the proper measure of damages included the amounts that had been written off by the plaintiff's health care providers, significantly undermines the decisions by the district courts in Virginia. Other jurisdictions have also concluded that the reasonable value of medical services, rather than the amount actually paid, is the proper measure of damages of personal injury. See Chapman v. Mazda Motor of Am., Inc., 7

_____

[3]Grant v. Town of Newton, 117 N.H. 159, 162 (1977), cited by the defendant, does not change the measure of medical damages standard.

3

F. Supp. 2d 1123, 1125 (D. Mont. 1998); <u>Haselden v. Davis</u>, 534 S.E.2d 295, 304 (S.C. Ct. App. 2000); <u>Ellsworth v. Schelbrock</u>, 611 N.W.2d 764, 769 (Wis. 2000). In light of New Hampshire's collateral source rule and the standard for the measure of damages for medical costs, the court concludes that the reasonable value of medical services that Griffin has required and probably will require in the future is the proper measure of damages, regardless of the amount paid for those services by Medicaid.

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion in limine (document no. 13) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

November 3, 2000

cc: Edgar D. McKean III, Esquire
    Donald E. Gardner, Esquire

4